**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Lynk Media LLC,
31-64 21ST Street
Astoria, New York 11106

           Plaintiff,

      v.

Shore Media & Marketing LTD Liability
Co.,
301 Route 17 North, Suite 800, #12-40
Rutherford, New Jersey 07070

          Defendant.

Case No:

JURY TRIAL DEMAND

## COMPLAINT

Plaintiff Lynk Media LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Shore Media & Marketing LTD Liability Co. ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.    This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.    Oliya Fedun ("Fedun") created a video of people protesting on the New York City subway tracks in support of Jordan Neely (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.    Defendant is a media and marketing company which owns and operates a website at www.shorenewsnetwork.com and (the "*Website*").

4.    Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed an excerpt from the Video (the "*Video Image*") on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

1

5.  Lynk Media LLC is a New York Limited Liability Company and maintains its principal place of business in Queens County, New York.

6.  Upon information and belief, defendant Shore Media & Marketing LTD Liability Co., is a New Jersey limited liability company with a principal place of business at 301 Route 17 North, Rutherford in Bergen County, New Jersey.

**JURISDICTION AND VENUE**

7.  This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8.  This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New Jersey.

9.  Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

**A.    Plaintiff's Copyright Ownership**

10.  Plaintiff is a professional videography company which  is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

11.  Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12.  Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13.  Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14.  On  May 6, 2023, Fedun first published the Video on freedomnews.tv. A screengrab of a still frame image from the Video is attached hereto as Exhibit 1.

15.  In creating the Video, Fedun personally selected the subject matter, timing, lighting,

2

angle, perspective, depth, lens and camera equipment used to capture the video recording.

16.    On May 23, 2023, the Video was registered by the USCO under Registration No. PA 2-417-085.

17.    Fedun created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

18.    Plaintiff acquired the rights in and to the Video from Fedun by way of assignment.

**B.    Defendant's Infringing Activity**

19.    Upon information and belief, Defendant is the registered owner of the Website.

20.    Upon information and belief, Defendant is the operator of the Website.

21.    Defendant is responsible for the Website's content.

22.    The Website is a key component of Defendant's popular and lucrative commercial enterprise.

23.    The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

24.    Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

25.    Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their articles have been properly licensed.

26.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

27.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

3

28. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

29. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Video Image on the Website as part of several on-line stories at the following URLs:

a) https://www.shorenewsnetwork.com/2023/05/08/jordan-neely-protesters-block-nyc-subway-tracks-causing-delays/ ("*Infringement 1*");

b) https://www.shorenewsnetwork.com/2023/05/08/our-city-is-going-down-the-drain-protesters-clash-with-nypd-block-subway-over-chokehold-death/ ("*Infringement 2*");

c) https://www.shorenewsnetwork.com/2023/05/11/nypd-seeks-five-still-wanted-for-blocking-trains-during-protest/ ("*Infringement 3*").

Copies of screengrabs depicting each of the infringements listed above (collectively "*Infringements*") are attached hereto as Exhibit 2.

30. The Video Image was intentionally and volitionally copied and stored by Defendant at URL: https://www.shorenewsnetwork.com/wp-content/uploads/2023/05/subway.jpg.

31. The Infringements are exact copies of a readily cognizable excerpt of Plaintiff's Video that was directly copied and displayed by Defendant

32. Defendant's infringing activity was first observed on May 11, 2023.

33. Upon information and belief, the Video Image was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video.

34. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be

4

communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

35.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to the Video Image.

36.    Upon information and belief, the Video Image was willfully and volitionally posted to the Website by Defendant.

37.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

38.    Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

39.    Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

40.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

41.    Upon information and belief, Defendant monitors the content on its Website.

42.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

43.    Upon information and belief, the Infringements increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues.

44.    Upon information and belief, a large number of people have viewed the unlawful copies of the Video Image on the Website.

45.    Upon information and belief, Defendant at all times had the ability to stop the

5

reproduction and display of Plaintiff's copyrighted material.

46. Defendant's use of the Video Image harmed the actual market for the Video.

47. Defendant's use of the Video Image, if widespread, would harm Plaintiff's potential market for the Video.

48. On or about August 8 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

49. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, the parties failed to resolve the instant matter and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

50. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

51. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

52. The Video is an original, creative work in which Plaintiff owns a valid copyright.

53. The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

54. Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

55. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

56. Defendant's reproduction of the Video Image and display of the Video Image constitutes willful copyright infringement.

57. Upon information and belief, Defendant willfully infringed upon Plaintiff's

6

copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique work without Plaintiff's consent or authority.

58.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

59.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

60.    As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**SECOND COUNT**
***(Vicarious Copyright Infringement)***

61.    Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

62.    Upon information and belief, at all material times hereto, Defendant had the right and ability to supervise and/or control the infringing conduct of its employees, agents, affiliates, vendors and/or members and declined to exercise the right and ability to supervise or control that infringing conduct despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

63.    As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Defendant has continued to infringe upon Plaintiff's Video, which in turn generates profits for Defendant directly from the use of the Infringement.

64.    Defendant enjoyed a direct financial benefit from the Infringement from, *inter alia*,

7

advertising revenue from the increased traffic to its Website and from the attendant increase in fees paid by advertisers and sponsors.

65. Upon information and belief, Defendant enjoyed a directed financial benefit from using the appeal or "draw" of Plaintiff's Video to increase user traffic to the Website, thereby increasing advertising revenue.

66. Defendant is liable as a vicarious infringer since it profited from the Infringements while declining to exercise a right to stop or limit it.

67. Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Videoin violation of Title 17 of the U.S. Code.

68. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant for each work infringed pursuant to 17 U.S.C. § 504(c).

69. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

70. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

71. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the

Video by copying and displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: May 8, 2026

**SANDERS LAW GROUP**

By: */s/ Craig Sanders*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 128431

*Attorneys for Plaintiff*

9